[Civ. No. 15068. Second Dist., Div. One. June 21, 1946.]

ALFRED COOPER et al., Appellants, v. THE COUNTY OF LOS ANGELES et al., Respondents.

P. Talbot Hannigan and A. Becker for Appellants.

Harold W. Kennedy, County Counsel, Edward H. Gaylord, Deputy County Counsel, Jones & Hoyt and Lewis Sherman Jones for Respondents.

DORAN, J.—The trial court sustained defendants' demurrer without leave to amend and this is an appeal by plaintiffs from the judgment that followed.

The record reveals that some time before the filing of the within action, plaintiffs had filed another and different action in the superior court, which action is still pending, for a review of the action of the Board of Zoning Appeals of the City of Los Angeles. That action did not include, as defendants, the county of Los Angeles or any of the other defendants in the within action. It sought to enjoin the city of Los Angeles and the Board of Zoning Appeals from committing what was alleged to be a violation of the zoning ordinances of the city of Los Angeles. The property involved in that action has been leased to the county of Los Angeles, and it is alleged in the within action that said county of Los Angeles, unless re-

strained, will commit acts that amount to a violation of valid and existing restrictions affecting said property. It is argued in substance that the county of Los Angeles was not a proper party to the former action, hence the within action is necessary to preserve the *status quo* of the property involved until the issues raised by the pleadings in the former action are settled. It is pointed out that, unless restrained, the county of Los Angeles will proceed to improve the property with permanent buildings in violation of the restrictions and then devote said buildings and property to uses and purposes that also constitute a violation of the restrictions; that such conduct on the part of the county of Los Angeles will defeat the rights of the plaintiffs in the former action; that in such circumstances a judgment, if recovered, will be to no purpose for by that time the remedy relied on in the within action, unless sought now, will be lost by laches.

It is alleged in the within action that the plaintiffs in the former action and, "many hundreds of property owners in the surrounding contiguous territory, duly prosecuted their appeal from the order of the Zoning Administrator, and said order was in due course affirmed and approved by the Board of Zoning Appeals of said City of Los Angeles, and said plaintiffs having exhausted their remedies before the administrative authorities of said City," brought the former action. It is also alleged in the within action that the "administrative authorities," referred to above, granted the owners' application for a variance for a five year period, which, it is further alleged, said administrative authorities were without power to do. The property, it is alleged, is in territory zoned as R-1 and restricted to residential purposes. The ordinance is set forth defining zone R-1 and it is further alleged that the zoning administration and the Board of Zoning Appeals are powerless to approve a "variance from zone R-1"; that such a "variance" may only be effected by city ordinance. It is also alleged that the city ordinance relating to "variance," the procedure therefor, when variances may be granted, and the powers and duties of the zoning administrator with regard thereto, contains no provision authorizing or permitting any penal institution or "Probation Camp for Boys." Other pertinent provisions of the zoning ordinance are particularly set forth. It is also alleged that the granting of the variance was and is in violation of the express provisions of the ordinance, which provisions are specifically set forth. It is also alleged

that the proposed change in the restriction is detrimental to surrounding property, the reasons therefore being specifically set forth; other damaging results and violations of the law are also alleged. Allegations disputing the validity of the finding of the zoning administrator are detailed and specific. It is also alleged that unless restrained, the county of Los Angeles threatens to and will, "expend some $27,000.00 of the moneys of the taxpayers of said County for improvements on said ten acres which, if plaintiffs are successful in the former action, will be a total loss to the taxpayers."

Although not a complete summary of the allegations of the complaint, the foregoing is sufficient to show the character of the within action which, in turn suggests the issues in the former action.

Respondent contends, under a heading, "Analogy to Stay on Appeal," that "Appellants' analogy to a stay pending appeal is faulty because they do not seek to restrain the action of either the Zoning Administrator or the Board of Zoning Appeals." There is no merit to the argument; the acts of the two administrative authorities mentioned above were completed acts; there was nothing to restrain.

Respondent also argues that other remedies should have been followed by appellants. The cases cited in support of both arguments are not analogous; they afford no support to respondents' contentions. Although other remedies may have been available, it does not follow that the remedy sought here is not a proper one.

It is also urged by respondents that, "while the demurrer to the second amended complaint was special as well as general, we submit that the demurrer was properly sustained on the ground that the second amended complaint showed that the appellants were not entitled to an injunction," . . . "we submit that the second amended complaint alleges no facts showing any need for an injunction pending the outcome of the Mandamus-Certiorari action." . . . "To grant an injunction in the case would be, in practical effect to set aside the order of the Zoning Administrator before a trial on the merits in the action filed for that specific purpose." The foregoing contentions are merely partisan opinions and prove nothing; as arguments, they clearly are untenable; in effect, they merely dispute appellants' claim to have the issues determined by trial and not by demurrer.

Respondents' brief contains the following, "Clearly,

there must have been some arrangements either by lease or otherwise, between the County and Mr. Charleston Dow whereby the County was granted possession of the property which was the subject of the variance. The interest of the County will be affected by any judgment rendered in the mandamus action, and it should have been joined." No such assumption may be indulged. On the contrary, it must be assumed that appellants had no knowledge of any such threat on the part of the county or the county might in fact have been joined in the former action, thus avoiding the necessity of the present action. If the owner of the property, the county of Los Angeles and the zoning authorities of the city of Los Angeles were collaborating in connection with the plan to rezone the property in question, it does not appear from the record that appellants had knowledge of it.

As pointed out by appellant, "There is no conflict in the purposes of the two actions, and the decision in one case does not act in contradiction to the decision in the other."

"The Superior Court has the right to maintain the status quo by injunctive relief, and plaintiffs are entitled to a trial upon the merits and an injunction if they prove their allegations. To hold otherwise, denies to plaintiffs constitutional rights ancillary to trial and appeal in litigation." In that regard, the superior court not only has "the right to maintain the status quo" of the property involved but, in the circumstances, it is the court's plain duty to do so. Appellants merely seek to prevent the county of Los Angeles from establishing what is alleged to be a penal institution in a district long established as exclusively residential, and dispute the authority of certain city officials to permit such an act under the procedure followed by them in connection therewith. Fundamental doctrines of law and equity guarantee this right to plaintiffs. Neither public officials nor political subdivisions possess rights or privileges superior to the individual in the administration of the law.

The judgment is reversed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied July 11, 1946, and respondents' petition for a hearing by the Supreme Court was denied August 19, 1946.