MONROE, J. pro tem.
 
 *
 

 The petitioners and appellants brought this proceeding for a writ of mandate to compel the respondent Marvin Larson, as building inspector of the city of Rialto, to issue building permits pursuant to their applica
 
 *106
 
 tions filed on the 5th of March, 1957. The applications were denied on the same day. After hearing, the superior court denied the writ. By supplemental order it was provided that there be placed in escrow by petitioners a quitclaim deed dedicating a portion of the property in question to the city of Rialto for street purposes, and that they deposit bonds guaranteeing their compliance with the requirements of ordinances Numbers 295 and 297 .relative to splitting or dividing lots, said bonds to secure the construction of curbs and sidewalks.
 

 The facts pertinent to the litigation have been established by stipulation of the parties. Ordinance Number 295 was amended by ordinance Number 297 of the city of Rialto, in 1954. It provides in substance that no lot or parcel of land within the city shall be split or divided without first obtaining the approval of the planning -commission. Provision is made for the filing of maps showing the proposed division and showing pertinent information relative to the improvements upon the property and the location and character of the existing public utilities and other like information. Provision is made for approval of the proposed splitting, providing that curbs and sidewalks are installed, the necessary sewer facilities taken care of, and that the lot sizes comply with the city ordinances. It is further provided “that such plan conforms to such policies as are or may be established by the planning commission.’’
 

 The ordinances of the city relative to the issuance of building permits provide: “The application, plans, and specifications filed by an applicant for a permit shall be cheeked by the building official. Such plans may be reviewed by other departments of the city to cheek compliance with the laws and ordinances under their jurisdiction. If the building official is satisfied with the work described in an application for the permit and the plans filed therewith conform to the requirements of this code and other pertinent laws and ordinances, and that the fee specified . . . has been paid, he shall issue a permit therefor to the applicant. ’ ’
 

 The stipulated facts are that shortly prior to making application for a building permit the petitioners each purchased a tract of ground of a size suitable for building purposes from a prior owner. These two parcels were parts of a single lot and the parties stipulate that the prior owner had not complied with ordinances 295 and 297. It is also agreed that the petitioners knew of these ordinances and of the noneomplianee. Thereafter, application was made for building permits and
 
 *107
 
 the applications were denied upon the sole ground that there had not been compliance with the provisions of these ordinances. It is conceded by the parties by their stipulation that in all other respects the requirements for the issuance of building permits were met and that the permits should have been issued except for the noncompliance.
 

 A number of questions are discussed by the parties but they are not necessary to a determination of this appeal. This is for the reason that this action is against the building inspector alone and the relief sought is a mandate requiring the issuance of the building permit. It has been held that where the legal requirements for the issuance of a building permit have been complied with the issuance of the permit becomes a ministerial act and performance thereof may be required and compelled by the mandate of the court.
 
 (Palmer
 
 v.
 
 Fox,
 
 118 Cal.App.2d 453 [258 P.2d 30]; see also
 
 Munns
 
 v.
 
 Stenman,
 
 152 Cal.App.2d 543, 557 [314 P.2d 67].) It is unnecessary, therefore, for this court to go farther than to determine whether, at the time the applications for building permits were made and denied, the petitioners were entitled to require the issuance thereof. If so, the writ should issue. Several questions suggested as to the validity of the various provisions of the ordinance arc interesting but not necessary to a determination of the issues involved.
 

 On March 12, 1957, the planning commission of the city of Rialto adopted a resolution establishing policies of the commission in accordance with the provisions of Ordinance 297 heretofore quoted. Among other things this resolution provided that: “No building permits are to be issued on lot splits until all provisions of ordinance No. 297 and applicable policies of the planning commission have been met.” It is to be noted that this resolution was adopted some days after the denial of the applications for building permits and at the time of such denial no such policy provision was in existence.
 

 A complete answer to the questions involved in this proceeding seems to be found in the case of
 
 Munns
 
 v.
 
 Stenman, supra.
 
 In that case an application for a building permit had been denied and the city sought to justify its action by the terms of an ordinance which provided that the requirements of certain city ordinances relative to zoning and setback and similar regulations had not been met. It appeared, however, that the provision of the ordinance for the refusal of such permit for this reason had not been enacted until after the
 
 *108
 
 applicants had made their application and had complied with th|j then-existing ordinance. The entire subject is discussed at length in that opinion and it is there emphasized that constitutional rights of property owners require that building permits must be issued when the law has been complied with and that they may not be denied for the purpose of enforcing some other regulation, ordinance or requirements, and may he denied only where there is authority for their denial contained in a valid and enforceable ordinance.
 

 The situation presented in the instant ease is that at the time the applications for permits were filed and were denied there was no express authority by ordinance or statute justifying a denial of the applications for failure to comply with ordinance 297. It is true that in the building ordinance heretofore quoted there is general language indicating that the application and plans should conform to the requirements of the code and other pertinent laws and ordinances. There is nothing in this language to justify the conclusion that a permit may be refused because of a failure to comply with ordinance 297. The express language refers to the plans and their conformity with the requirements of ordinances and statutes and there is nothing in the language to suggest that the purchaser of a lot may be denied a permit, and that no building may be permitted because his predecessor in title failed to comply with the requirements of that ordinance. Furthermore, it is obvious that the regulations for the granting and refusing of building permits must necessarily be sufficiently definite and certain that it can be readily and uniformly determined what requirements must be met.
 

 In the Munn case reference is made to certain authorities which hold that the granting of a building permit may be delayed pending the passage of ordinances then under consideration which would affect its issuance. Respondent seeks some comfort from these decisions. It is to be noted, however, that there is involved in this action a resolution and not an ordinance. The provision in ordinance 297 which purports to vest in the planning commission the right to make whatever policies they see fit in connection with the approval of applications to split or to divide lots is of doubtful validity because. it purports to grant an authority to make rules and regulations without laying down any test as to the type, purpose, and extent of such rules or regulations. In any event, there is nothing in that provision of the ordinance that could be construed as granting to the planning commission power or
 
 *109
 
 authority to amend the ordinance relative to the issuance of building permits.
 

 . The principles discussed and laid down in
 
 Agnew
 
 v.
 
 Culver City,
 
 147 Cal.App.2d 144 [304 P.2d 788] are to the effect that an ordinance purporting to delegate power to act or to refuse to act without definitely laying down the general purposes and limitations of the power thus delegated is void and constitutes an unreasonable delegation of power.
 

 However, as heretofore stated, it becomes unnecessary to undertake a decision on the validity or invalidity of the provisions of ordinances 295 and 297. It is to be seen that at the time the applications were made and denied, there existed no authority either by ordinance or statute permitting respondent, the building inspector, to refuse to issue the license because of noncompliance with those ordinances. That being so, and it being conceded that the then existing statutory requirements had been complied with, the petitioners were entitled to an issuance of the building permits. The trial court was therefore in error, not only in denying the writ, but in undertaking to require, by order, a compliance with the provisions of this ordinance and to require a conveyance or a dedication of a part of their property to the city.
 

 The judgment is reversed and the cause remanded with directions to issue the writ in accordance with this opinion.
 

 Griffin, P. J., and Shepard, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.