14 Cal.3d 831 (1975)
537 P.2d 874
122 Cal. Rptr. 754
Estate of MINNIE S. McDILL, Deceased.
FLORENCE VESEL, Petitioner and Appellant,
v.
GEORGE MacMILLAN MARTIN et al., Claimants and Respondents.
Docket No. L.A. 30405.
Supreme Court of California. In Bank.
July 24, 1975.
*833 COUNSEL
Sullivan & Brown, William H. Sullivan and John Adler for Petitioner and Appellant.
Langford & Lane, James M. Lane and Merrill Brown for Claimants and Respondents.
OPINION
RICHARDSON, J.
In this probate controversy, a hearing was granted by this court, after decision by the Court of Appeal, Fourth Appellate District, Division Two, for the purpose of giving further study to the problems presented. After such study, we have concluded that the portion of Justice Kaufman's opinion for the Court of Appeal, dealing *834 with the interplay of Probate Code sections 228, 230 and 296.4 correctly treats and disposes of the issues involved, and, except for discussion of the rights of a nonappealing party, Evelyn Schumacher, set forth at the conclusion hereof, we adopt it as and for the opinion of this court. Such opinion (with appropriate deletions and additions as indicated) is as follows:[*]
Petitioner, Florence Vesel, filed a petition for determination of heirship in the estate of Minnie S. McDill. She appeals from a judgment which ordered the distribution of the estate one-half to the petitioner and her sister, blood nieces of the decedent, and one-half to the blood cousins of the decedent's predeceased spouse, George W. McDill.
The trial below was based on stipulated facts. Petitioner and her sister, Evelyn Schumacher, are the issue of the decedent's predeceased brother. The cousins, Genevieve M. Morse, Athol C. Martin, and George M. Martin, are the issue of George W. McDill's mother's sister. The whole of decedent's estate is former community property of the decedent and her predeceased husband. The trial court found that the nieces are the next of kin and only heirs at law of the decedent, and that the cousins are the next of kin and only heirs at law of George W. McDill. Petitioner's grievance is the award of one-half of the estate to the cousins.

Contentions
Petitioner contends that she and her sister, as nieces of decedent, are entitled to the entire estate under Probate Code, sections 228 and 230.[1] Petitioner makes two arguments: (1) the 1969 amendment[2] to section 228, providing an alternate distribution of the community property when it would otherwise escheat, does not operate if distribution is provided for in section 230, and (2) the cousins are not members of the class entitled to take under section 228.

Relevant Probate Code Sections
Before its amendment in 1969, section 228 read as follows: "If the decedent leaves neither spouse nor issue, and the estate, or any portion *835 thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, or came to the decedent from said spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead, or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead, such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other half goes to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation." (Stats. 1931, ch. 281, p. 597, as amended by Stats. 1939, ch. 1065, p. 2992.)[3] (Italics added.)
In 1969 the Legislature amended section 228 by adding a second paragraph.[4] This paragraph was itself amended in 1970. It now reads: "If any of the property subject to the provisions of this section would otherwise escheat to this state because there is no relative, including next of kin, of one of the spouses to succeed to such portion of the estate, such property shall be distributed in accordance with the provisions of section 296.4 of this code." (Stats. 1970, ch. 345, pp. 738, 739.)[5]
The second paragraph[6] of section 296.4, added in 1968, provides: "If a portion of the estate which was the community property of the husband *836 and wife would otherwise escheat to the state under this section and Sections 201, 228, and 231 because there is no relative, including next of kin, of one of the spouses to succeed to such portion of the estate, such portion of the estate shall be distributed in equal shares to the children of the other spouse and to their descendants by right of representation, or if such other spouse leaves no children, nor descendants of a deceased child, in equal shares to the parents of such other spouse, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of such other spouse and to their descendants by right of representation, or if such other spouse leaves neither parent, brother, sister, nor descendant of a deceased brother or sister, such portion of the estate goes to the next of kin of such other spouse in equal degree...." (Stats. 1968, ch. 1407, pp. 2767, 2768.)
Section 230 provides: "If there is no one to succeed to any portion of the property in any of the contingencies provided for in the last two sections [228 and 229], according to the provisions of those sections, such portion goes to the next of kin of the decedent in the manner hereinabove provided for succession by next of kin." (Stats. 1931, ch. 281, p. 597.)

Discussion and Disposition
The central issue of this case is how sections 228, 230 and 296.4 work together. The petitioner contends that in this case section 230 controls; the cousins contend that section 296.4 is applicable before, and is a condition precedent to, the application of section 230. We agree with petitioner.
(1a) Prior to the amendment of section 228, if the decedent left no next of kin, application of sections 230 and 231 could result in escheat even if the predeceased spouse left next of kin.[7] The purpose of the amendment to section 228 was to further the legislative policy against escheat by providing an alternative distribution of the community property under section 296.4 if section 231 would force this escheat. (Mannheim v. Superior Court, supra, 3 Cal.3d 678, 685, 691.)
Sections 228, 230 and 296.4 are in pari materia and must be construed together as one statute. (People v. La Barre (1924) 193 Cal. 388, 391 [224 *837 P. 750]; Gleason v. Spray (1889) 81 Cal. 217, 221 [22 P. 551].) (2) "Where possible, all parts of a statute should be read together and construed to achieve harmony between seemingly conflicting provisions rather than holding that there is an irreconcilable inconsistency. [Citations.]" (Wemyss v. Superior Court (1952) 38 Cal.2d 616, 621 [241 P.2d 525].)
(1b) Construing these three sections together, we hold the Legislature intended to create the following scheme: (1) section 228, paragraph one, is to be applied first, distributing each one-half of the community property to the named classes of relatives; (2) section 230 is to be applied second, [if either spouse leaves no such relatives] passing affected property to the next of kin of the decedent; and (3) [if there are no next of kin of the decedent to take the section 230 property, the second paragraphs of sections 228 and 296.4 are to be applied], passing affected property to the blood relatives of the predeceased spouse.
This result is compelled by the triggering language of the amendment to section 228 itself: "If any of the property ... would otherwise escheat to this state. ..." (Italics added.) Property would be in danger of escheat only if there were no next of kin of the decedent to take under section 230. Thus as long as there are next of kin of the decedent, the operative language of the amendment to section 228 is not triggered. Under this construction, each of the sections plays a role in the legislative scheme. [] Only if both spouses leave no next of kin does section 231 cause an escheat.
On the other hand, if the cousins' view is adopted, section 230 is nullified as to section 228 property. As long as there are any next of kin of one of the spouses, the cousins argue, such kindred would take that spouse's share of the property under section 296.4. However, in the event there were no such kindred, section 296.4, by its own terms, would distribute the property to the relatives of the other spouse. Since section 296.4 would thus account for all possibilities, section 230 would be rendered meaningless.
(3) It is assumed that the Legislature has in mind existing laws when it passes a statute. (Estate of Simpson (1954) 43 Cal.2d 594, 600 [275 P.2d 467, 47 A.L.R.2d 991]; Buelke v. Levenstadt (1923) 190 Cal. 684, 689 [214 P. 42]; People ex rel. Thain v. City of Palo Alto (1969) 273 Cal. App.2d 400, 406 [78 Cal. Rptr. 240].) "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and *838 changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." (Cole v. Rush (1955) 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137] [overruled on another point in Vesely v. Sager (1971) 5 Cal.3d 153, 167 (95 Cal. Rptr. 623, 486 P.2d 151)]; Bishop v. City of San Jose (1969) 1 Cal.3d 56, 65 [81 Cal. Rptr. 465, 460 P.2d 137]; Place v. Trent (1972) 27 Cal. App.3d 526, 532 [103 Cal. Rptr. 841].) (1c) The Legislature intended section 230 to retain its vitality, and we, therefore, are constrained to interpret section 228 so as to render section 230 valid. (See Civ. Code, § 3541.)
Petitioner also contends the cousins are not within the class of takers described in the first paragraph of section 228. The cousins argue in substance that the Legislature, in amending sections 228 and 296.4, intended to enlarge the named class of relatives who can take section 228 property. We agree with petitioner.
The cousins' argument rests on the phrase "no relative, including next of kin, of one of the spouses" found in both sections 228 and 296.4. They suggest this phrase operates to create a residual category for each spouse of next of kin who take in the event such spouse leaves no named section 228 relatives. This view is untenable.
The second paragraph of section 228 comes into play only if section 230 would otherwise not prevent escheat. The first paragraph of section 228 contains no mention of "next of kin." It is section 230 which mentions this phrase. We interpret the reference to "next of kin" in section 228 to be a reference to section 230, that is, to the next of kin of the decedent.
The amendments to section 228 do not enlarge the class which first shares in the community property of the decedent and the decedent's predeceased spouse. The Legislature has specifically designated the class of relatives to whom the property is to be distributed. If the Legislature had intended section 228 to allow the next of kin of a spouse to succeed where such spouse leaves no children, parents, or lineals of parents, it could easily have done so by adding a phrase to that effect to the first paragraph of the section. The Legislature did not insert such a provision, and it is not our province to do so. "In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted...." (Code Civ. Proc., § 1858.)
*839 We thus find the Legislature, by leaving the first paragraph of section 228 substantially intact, did not intend to enlarge the class of takers in the first instance.
The cousins contend that the purpose of the amendment to section 228 was to provide the same distribution of community property where there is simultaneous death of the spouses as where there is the prior death of one spouse. This contention is not persuasive.
In the simultaneous death case each spouse's share of the community property is treated as separate property. (§ 296.4, 1st par.) In the predeceased spouse case, section 230 applies to prefer the next of kin of the decedent over the collateral next of kin of the predeceased spouse.
(4) "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them. [Citations.]" (Buckley v. Chadwick (1955) 45 Cal.2d 183, 200 [fn. omitted] [288 P.2d 12, 289 P.2d 242]; Cole v. Rush, supra, 45 Cal.2d 345, 355; Whitley v. Superior Court (1941) 18 Cal.2d 75, 78 [113 P.2d 449].)
In 1967, the Court of Appeal decided State of California v. Broderson, supra, 247 Cal. App.2d 797. In Broderson, the decedent spouse left no known heirs. The predeceased spouse left two sisters, a brother and a niece. The court held that though the blood relatives of the predeceased spouse were entitled to the one-half of the community property attributable to that spouse, the other half escheated because they were not next of kin of the decedent within the meaning of section 230, citing Estate of Roberts (1948) 85 Cal. App.2d 609 [194 P.2d 28]. The court said: "The rule of descent established by Roberts has stood unchallenged for over 17 years.... The Legislature has not moved to alter or change its rule in any manner, as it could do at any time." (247 Cal. App.2d at pp. 802-803.)
Two years after Broderson, the Legislature did move to change the rule of descent resulting from Roberts by amending section 228. As was pointed out in Mannheim v. Superior Court, supra, 3 Cal.3d 678, at page 685, the purpose and effect of this amendment was to prevent escheat of community property if either spouse leaves any heirs. The preference for the next of kin of the decedent caused by section 230 does not frustrate this legislative purpose in any way.
*840 The cousins argue that the position we adopt is unfair to the next of kin of the predeceased spouse. While it is true that section 230 prefers the next of kin of the decedent over the next of kin of the predeceased spouse, intestate succession is wholly statutory. Any inequality which results from the operation of sections 228, 230 and 296.4 has been engendered by the Legislature itself. The Legislature has considered these sections in both 1969 and in 1970. If a different result had been desired, there was ample opportunity to suitably alter the statutes in question.
[] [Thus, we conclude that the entire estate should have been distributed to petitioner and her sister, Evelyn. We note, however, that although petitioner filed a timely appeal from the adverse trial court judgment, Evelyn did not appeal. (5a) The question arises whether Evelyn's failure to join in petitioner's appeal requires us to order distribution of Evelyn's share of the estate to the cousins despite our conclusion that they have no statutory right to any part of the estate.
(6) As a general rule, where only one of several parties appeals from a judgment, the appeal includes only that portion of the judgment adverse to the appealing party's interest, and the judgment is considered final as to the nonappealing parties. (Lake v. Superior Court (1921) 187 Cal. 116, 119 [200 P. 1041] [quiet title judgment final as to nonappealing defendants sharing undivided interest with appealing defendant]; Smith v. Anglo-California Trust Co. (1928) 205 Cal. 496 [271 P. 898] [judgment final as to nonappealing lien claimants].) That general rule has an important exception, however: "[W]here the part [of a judgment] appealed from is so interwoven and connected with the remainder, ... that the appeal from a part of it ... involves a consideration of the whole, ... if a reversal is ordered it should extend to the entire judgment. The appellate court, in such cases, must have power to do that which justice requires and may extend its reversal as far as may be deemed necessary to accomplish that end." (Whalen v. Smith (1912) 163 Cal. 360, 362 [125 P. 904].) Although Whalen involved an appeal from a part of a judgment rather than, as in the case at bench, an appeal by only one of several parties, the rule discussed therein has been applied in the latter situation as well. (See Blache v. Blache (1951) 37 Cal.2d 531 [233 P.2d 547]; Continental Cas. Co. v. Phoenix Constr. Co. (1956) 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914]; Estate of Murphey (1936) 7 Cal.2d 712 [62 P.2d 374].)
*841 Thus, in Murphey, one of several legatees appealed from that part of a decree of distribution which declared that two organizations to which the decedent had bequeathed a portion of his estate were not charitable organizations and were therefore not subject to the rule limiting the total bequests to charity to one-third of the distributive value of the estate. After determining that the organizations were charitable we examined the argument that, in case of reversal on that issue, only the appealing legatee should benefit. In rejecting that contention, we stated that "[t]he rule laid down in [the Smith and Lake cases] is not applicable here. Here the portions of the decree appealed from are interwoven and affect the entire decree. By distributing more to the two organizations than they were entitled to, the share of the others was correspondingly decreased. Here the rule to be applied is found to be stated in Whalen v. Smith [supra].... It needs no argument to demonstrate that here the amount deducted from the two organizations should be distributed among those to whom it should have been decreed in the first instance." (7 Cal.2d at p. 717; see also Osborn v. Osborn (1954) 42 Cal.2d 358, 367 [267 P.2d 333].)
(5b) The principles expressed by us in Murphey are controlling herein. As in Murphey, the issue presented in petitioner's appeal (namely, the cousins' right to share in the estate) is interwoven with, and in fact identical to, the issue which Evelyn's appeal would have presented. Petitioner's appeal called into question the cousins' claim to any part of the estate, and established that their claim was defective under existing statutory law. Accordingly, the cousins would enjoy a windfall were we to order that Evelyn's rightful share of the estate be distributed to them.
It is argued that Murphey is distinguishable from the present case since in Murphey we could not simply reverse the judgment as to the appealing legatee without necessarily affecting the shares of the nonappealing legatees. To the contrary, the two situations seem quite comparable, for in each case the appeal could have been resolved by leaving the nonappealing parties where they stood following judgment and allocating the remaining portion of the estate between the parties to the appeal. Instead, in Murphey we recognized that the ends of justice required that the estate be distributed to those persons "to whom it should have been decreed in the first instance." (7 Cal.2d at p. 717.) No different considerations affect us here and accordingly we conclude that petitioner and her sister are each entitled to one-half of decedent's estate.
*842 The judgment is reversed and the trial court directed to enter judgment in accordance with this opinion.]
Wright, C.J., McComb, J., Tobriner, J., Sullivan, J., and Clark, J., concurred.
NOTES
[*] Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (Keizer v. Adams (1970) 2 Cal.3d 976, 978, fn. 1 [88 Cal. Rptr. 183, 471 P.2d 983].)
[1] All section references are to the Probate Code, unless otherwise specified.
[2] As further amended in 1970.
[3] It is clear that under this language the cousins would not be qualified to take, since they are not members of the named class of relatives, i.e., they are not parents, siblings or descendants of siblings of the predeceased husband. (See Estate of Howard (1934) 1 Cal. App.2d 560 [36 P.2d 852].)

Although section 228 also affects other property, its primary application is to community property. Therefore, we have used the terms "community property," and "section 228 property" interchangeably. In this context, reference to community property should be read to include reference to the other section 228 property.
[4] The Legislature added: "If any of the property subject to the provisions of this section would otherwise escheat to this state because there is no relative, including next of kin of the decedent or of his predeceased spouse, such property shall be distributed in accordance with the provisions of paragraph 2 of Section 296.4 of this code." (Stats. 1969, ch. 856, pp. 1688, 1689.) ¶ []
[5] Section 231 provides for escheat to the state where there is no one to take a decedent's estate by testate or intestate succession other than a government or governmental subdivision or agency.
[6] The first paragraph governs the simultaneous death of both spouses.
[7] For example, in the present case if the nieces had predeceased the decedent. (See also, Mannheim v. Superior Court (1971) 3 Cal.3d 678, 683-684 [91 Cal. Rptr. 585, 478 P.2d 17]; State of California v. Broderson (1967) 247 Cal. App.2d 797 [56 Cal. Rptr. 58].)