Filed 7/14/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of RICKY ALLAN WILLIS, JR., and SHAUNA COSTA-WILLIS. | |
| RICKY ALLAN WILLIS, JR., Respondent, v. SHAUNA COSTA-WILLIS, Appellant. | G061528 (Super. Ct. No. 17D009225) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas S. McConville, Judge.  Affirmed in part, reversed in part.

Quinn & Dworakowski, David Dworakowski and Stephane Quinn for Appellant.

Law Office of Paul D. Toepel Jr., and Paul D. Toepel Jr., for Respondent.

\*          \*          \*

INTRODUCTION

Family Code section 3044, subdivision (a) (section 3044(a))[1] creates a rebuttable presumption that an award of sole or joint physical custody or legal custody of a child to "a party seeking custody" who has perpetrated domestic violence against "the other party seeking custody" within the past five years is detrimental to the child's best interests. The issue presented by this appeal is whether the presumption of section 3044(a) arises in a proceeding for issuance of a domestic violence restraining order (DVRO) when neither party is seeking custody or a modification of a custody or visitation order.

We conclude the presumption of section 3044(a) does not arise in that situation. Our conclusion is based on the plain language of section 3044(a), which by its terms applies only when a party is seeking custody of the child and is reinforced by other statutory provisions.

In the present case, Shauna Willis appealed from an order granting her request for a DVRO against her ex-husband, Ricky Willis.[2] She contends the family court erred under section 3044(a) because the court maintained joint physical custody by keeping in place a visitation order which had granted each approximately equal custody time with their child, T.W. Based on our construction of section 3044(a), we affirm the order keeping the visitation order in place because neither Ricky nor Shauna requested a modification of custody. Because the presumption of section 3044(a) did not arise, the family court erred by awarding Shauna sole legal and physical custody of T.W. Although Ricky did not appeal, we reverse that part of the order in the interest of justice.

---

[1] All statutory references are to the Family Code.

[2] As is customary in family law cases, we refer to the parties by first names. We intend no disrespect.

## FACTS AND PROCEDURAL HISTORY

Ricky and Shauna were married in June 2010. They have one child, who was born in 2011. In November 2017, Ricky filed a petition for dissolution of their marriage, and a judgment of dissolution (the judgment) was entered in March 2022. In section 4 of the judgment, entitled "Child Custody and Visitation," (some capitalization omitted), Ricky and Shauna were granted joint legal and physical custody of T.W. In subsection 4.2 of the judgment entitled "Physical Custody," the judgment provides a detailed "custodial timeshare" schedule specifying when each party would have "physical custody" of T.W. The judgment does not set forth a visitation schedule separate from the specified custodial timeshare schedule. The visitation schedule granted Ricky and Shauna each about the same amount of custody time with T.W.

In May 2022, Shauna filed a request for a DVRO against Ricky. She sought a no contact order, a stay away order, an order for batterer's intervention program, and attorney fees. In a declaration attached to the request for a DVRO, Shauna stated that since the judgment of dissolution was entered, Ricky had "launched a relentless campaign of harassment" against her that included hundreds of abusive text messages and "countless talking parent messages." Shauna declared that Ricky had appeared at T.W.'s extracurricular activities during Shauna's custodial time, referred to Shauna as "Sugar Tits," and repeatedly told her to "f*** off" and "go f*** herself."

On the request for a DVRO, Shauna did not check the box to indicate she wanted the court to change child custody. She did not mention custody in either her declaration or memorandum of points and authorities in support of her request. Shauna did not request that the DVRO protect T.W.

On May 27, 2022, the family court issued a temporary restraining order against Ricky. On the order, next to "Child Custody and Visitation," the box for "Not requested" was checked. The court scheduled a hearing on June 15, 2022, to determine whether a permanent DVRO should issue.

3

Ricky filed a response to the request for DVRO. He denied ever having abused, harassed, or disturbed Shauna. In a supporting declaration, Ricky stated that Shauna's declaration contained many false allegations and misstatements and took his text messages out of context.

At the outset of the hearing on June 15, 2022, the court announced, "I have this on calendar today for a request for a domestic violence restraining order." Ricky and Shauna testified. At no point during the hearing did Shauna or her counsel request a modification of custody or visitation. At the conclusion of the hearing, the court found that Ricky "was the perpetrator of domestic violence" and that Shauna "was the victim of the domestic violence." The court issued a one-year DVRO that included a no-abuse order, a stay-away order, a no-contact order, and an order that Ricky attend a 52-week batterer intervention program.

After reciting its ruling, the court stated: "The minor was not listed as a protected person. I haven't heard any testimony that makes me believe that [Ricky] poses a threat to the minor child. So it would be my inclination not to modify the visitation order at this time." Shauna's counsel expressed his understanding that the presumption under section 3044 "kicks in about fitness," a hearing would have to be held for Ricky to overcome that presumption, and that "[n]o evidence has been presented regarding custody." The court stated it was dealing with visitation and section 3044 relates only to custody. Ricky's counsel argued that Shauna had not requested a change in custody, "[i]t's not before the court," and "if she wants to request a modification to the [custody] order, she needs to bring a motion to the court to do it."

The family court concluded the presumption under section 3044(a) arose and for that reason, sua sponte granted Shauna sole legal and physical custody of T.W. After hearing argument and comments by counsel, the court stated: "There's no box checked regarding custody and visitation modifications. But a presumption has arisen under [section] 3044 as it relates to legal custody. . . . I think I'm obligated under the

4

code to modify custody at this point to the sole legal custody to [Shauna] until [Ricky] overcomes the presumption." The court also modified the custody order to grant Shauna sole physical custody of T.W. but stated, "The visitation order is going to remain." The DVRO orders visitation in accordance with the judgment.

## DISCUSSION

### I. *Standard of Review*

We review orders granting or denying a DVRO, as well as custody and visitation orders, under the abuse of discretion standard. (*Salmon v. Salmon* (2022) 85 Cal.App.5th 1047, 1054.) Whether the trial court applied the correct legal standard in exercising its discretion is a question of law subject to de novo review. (*Ibid.*) Interpretation of a statute is a legal question subject to de novo review. (*People v. Ollo* (2021) 11 Cal.5th 682, 687.)

### II. *Section 3044(a)*

Section 3044(a) states: "Upon a finding by the court that *a party seeking custody of a child* has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, or against the child or the child's siblings, or against a person in subparagraph (A) of paragraph (2) of subdivision (a) of Section 3011 with whom the party has a relationship, there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020. This presumption may only be rebutted by a preponderance of the evidence." (Italics added.)

For the presumption to be overcome, the court must make two findings. First, the court must find "[t]he perpetrator of domestic violence has demonstrated that giving sole or joint physical or legal custody of a child to the perpetrator is in the best

5

interest of the child pursuant to Sections 3011 and 3020." (§ 3044, subd. (b)(1).) Second, the court must find the factors in section 3044, subdivision (b)(2) "on balance, support the legislative findings in Section 3020." (*Id.*, subd. (b).) If the court determines the presumption has been overcome, the court must make "specific findings" in writing or on the record "on each of the factors in subdivision (b)." (*Id.*, subd. (f)(1) & (2).)

III. *The Presumption of Section 3044(a) Does Not Arise When No Party Is Seeking Custody or a Modification of Custody*

The family court found Ricky was a perpetrator of domestic violence yet maintained the visitation order, which gave Ricky and Shauna each about equal parenting time. Shauna argues the family court erred by failing to modify the judgment's visitation provision because that failure had the effect of maintaining joint physical custody.

It has been held that "an arrangement authorizing children to spend roughly equal time with each parent [has been called] a joint physical custody arrangement." (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 658 (*Celia S.*).) However, we need not decide whether the effect of the family court's decision in this case was to maintain joint physical custody. The court did not err, even if it effectively maintained joint physical custody, because no party sought a change in or modification of custody and, therefore, the presumption of section 3044(a) never arose.

Whether the presumption of section 3044(a) arises when no party is seeking custody or a change in custody is a matter of statutory interpretation. "We first consider the words [used in section 3044(a)], as statutory language is generally the most reliable indicator of legislation's intended purpose." (*McHugh v. Protective Life Ins. Co.* (2021) 12 Cal.5th 213, 227.) The plain meaning of the statute controls if the statutory language is unambiguous. (*Stirling v. Brown* (2018) 18 Cal.App.5th 1144, 1155.)

The plain language of section 3044(a) is controlling. The first sentence of section 3044(a) states the presumption arises "[u]pon a finding . . . that a *party seeking*

6

*custody* of a child has perpetrated domestic violence within the previous five years against the other *party seeking custody* of the child . . . ." (Italics added.) The word "party" is subject to the restrictive modifier "seeking custody." The statutory language is unambiguous: The presumption under section 3044 arises only when a party is seeking custody; if no party is seeking custody there can be no presumption.

In construing section 3044(a), we also consider the language of the entire statute and the overall statutory scheme. (*Reilly v. Marin Housing Authority* (2020) 10 Cal.5th 583, 609; *Stirling v. Brown, supra*, 18 Cal.App.5th at p. 1155.) Other parts of section 3044 reinforce our conclusion that the presumption of section 3044(a) does not arise when no party is seeking custody or a change in custody. Subdivision (d)(1) of section 3044 repeats the condition that a party must be seeking custody by stating, "For purposes of this section, the requirement of a finding by the court shall be satisfied by, among other things, and not limited to, evidence that *a party seeking custody* has been convicted within the past five years . . . of a crime against the other party that comes within the definition of domestic violence . . . ." (*Ibid*., italics added.)

Subdivision (g) of section 3044 reads: "In an evidentiary hearing or trial *in which custody orders are sought* and where there has been an allegation of domestic violence, the court shall make a determination as to whether this section applies prior to issuing a custody order, unless the court finds that a continuance is necessary to determine whether this section applies, in which case the court may issue a temporary custody order for a reasonable period of time, provided the order complies with Section 3011 and 3020." (Italics added.) "Thus, the court is required to determine whether section 3044 applies whenever there is an evidentiary hearing or trial *in which custody orders are sought* and domestic violence has been alleged." (*Noble v. Superior Court* (2021) 71 Cal.App.5th 567, 580, italics added.)

Subdivision (h) of section 3044 states: "In a custody or restraining order proceeding in which a party has alleged that the other party has perpetrated domestic

violence in accordance with the terms of this section, the court shall inform the parties of the existence of this section and shall give them a copy of this section *prior to custody mediation* in the case." (Italics added.) Subdivision (h) requires the court to provide the parties a copy of section 3044 only in cases involving custody mediation. Custody mediation is required "[i]f it appears on the face of a petition, application, or other pleading to obtain or modify a temporary or permanent custody or visitation order that custody, visitation, or both are contested." (§ 3170, subd. (a).) Custody mediation is not required when no party is seeking custody or a change in custody. Thus, by negative implication, section 3044, subdivision (h) means that in a restraining order proceeding in which obtaining or modifying custody or visitation is not being sought, the court need not inform the parties of section 3044 and provide them with a copy.

In construing a statute, we give its words "their ordinary, usual, and commonsense meanings." (*Stirling v. Brown, supra*, 18 Cal.App.5th at p. 1155.) To seek means to go in search of, look for, request, ask for, or try to acquire. (Webster's 3d New Internat. Dict. (2002) p. 2055.) Neither Ricky nor Shauna was going in search of, looking for, requesting, asking for, or trying to acquire custody or modification of custody. Shauna sought only a DVRO. She did not request a modification of custody with her request for a DVRO; neither her supporting declaration nor memorandum of points and authorities requested a modification of custody; on the temporary restraining order, next to "Child Custody and Visitation," the box for "Not requested" was checked; at the evidentiary hearing, her counsel never made a request to change custody; and at the evidentiary hearing the family court stated, "There's no box checked regarding custody and visitation modifications."

In addition, as Ricky argues, the family court did not refer the parties to custody mediation, which would have been required by section 3170, subdivision (a) if it appeared on the request for a DVRO that Shauna was requesting a modification of custody or visitation and Ricky was contesting that request. Because neither Ricky nor

8

Shauna was "a party seeking custody of the child" no rebuttable presumption arose under section 3044(a) that an award of sole or joint physical or legal custody to Ricky would be detrimental to the child's best interest.

There are cases with language saying a court must apply the section 3044(a) presumption "'in any situation in which a finding of domestic violence has been made.'" (*Celia S., supra*, 3 Cal.App.5th at p. 661, quoting *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1498.) That proposition is broader than what the statutory language permits, and we decline to follow it. Further, in both *Celia S.* and *In re Marriage of Fajota*, at least one parent was seeking custody or modification of custody. (*Celia S.,* at p. 659, *In re Marriage of Fajota,* at p. 1490.) The same is true for other cases stating the section 3044(a) presumption arises whenever a finding of domestic violence has been made. (See *Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 196 [request for DVRO and custody bifurcated for trial]; *City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 538 [mother requested custody with request for DVRO]; *Noble v. Superior Court, supra,* 71 Cal.App.5th 567, 575-576 [motion to modify custody in marital dissolution action].) In none of those cases did the Court of Appeal consider whether the section 3044(a) presumption arises when no party is seeking custody or modification of custody. (See *People v. Mendoza* (2015) 240 Cal.App.4th 72, 81-82 ["Cases are not authority for propositions not considered"].)

Shauna argues there is no authority to support the proposition that the presumption of section 3044(a) does not arise when no party is requesting custody or a modification of custody. As we have explained, the statutory language, the most reliable indicator of the legislation's purpose, is itself such authority. Shauna also argues that her request for a DVRO and supporting documents provided Ricky adequate notice that his acts of domestic violence would trigger the rebuttable presumption of section 3044(a) and cause a change in custody. But in her DVRO request and supporting documents, Shauna never requested a modification of custody, which would be necessary for the presumption

9

of section 3044(a) to arise. At the DVRO hearing, the issue of custody did not arise until after the family court had recited its ruling. Ricky's counsel then argued that Shauna had not requested a change in custody and "if she wants to request a modification to the [custody] order, she needs to bring a motion to the court to do it."

At oral argument, Shauna's counsel argued adequate notice of a possible change in custody had been given because any competent family law attorney would know that the presumption under section 3044(a) would arise at a DVRO hearing. Our decision must be based upon an interpretation of section 3044(a) under principles of statutory interpretation and in light of reasoned authority.

IV. *The Family Court Erred by Modifying the Judgment to Award Shauna Sole Legal Custody of T.W.*

Ricky argues that because the presumption of section 3044(a) did not apply we should reverse the family court's order vesting sole legal and physical custody with Shauna. Ricky did not file a notice of appeal. "As a general rule, where only one of several parties appeals from a judgment, the appeal includes only that portion of the judgment adverse to the appealing party's interest, and the judgment is considered final as to the nonappealing parties." (*Estate of McDill* (1975) 14 Cal.3d 831, 840.) The general rule has an important exception: When the part of the judgment appealed from is so "interwoven and connected" with the rest of the judgment such that the appeal involves a consideration of the whole judgment, a reversal should extend to the entire judgment. (*Ibid.*) "The appellate court, in such cases, must have power to do that which justice requires and may extend its reversal as far as may be deemed necessary to accomplish that end." (*Ibid.*)

"'The test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the

10

same as, or interdependent upon, the matters or issues which have not been attacked.'" (*In re Marriage of Garrity & Bishton* (1986) 181 Cal.App.3d 675, 690.)

In the present case, the issue of joint physical custody and the issue of legal custody are so interwoven and connected that both must be considered together. For both joint legal custody and physical custody, the dispositive question is whether the rebuttable presumption of section 3044(a) arose or not. Our conclusion that the presumption of section 3044(a) never arose in these DVRO proceedings means the family court did not err by keeping the visitation order in place but did err by granting Shauna sole physical custody. Considering the importance of legal custody and power that sole legal custody gives to Shauna, we believe that justice requires us to reverse the award of sole legal custody notwithstanding Ricky's failure to file a notice of appeal.

## DISPOSITION

That portion of the DVRO modifying the judgment's joint legal and physical custody provisions to award Shauna sole legal and physical custody is reversed. In all other respects the DVRO is affirmed. Our decision is without prejudice to any party seeking a change in custody or visitation. Respondent shall recover costs on appeal.

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOTOIKE, J.

11