[No. B043902. Second Dist., Div. Five. June 15, 1990.]

CRAIG R. KNAPP, Plaintiff and Respondent, v.
CITY OF GARDENA et al., Defendants and Appellants.

COUNSEL

Michael J. Karger, City Attorney, Adams, Duque & Hazeltine, Richard R. Terzian and Rande S. Sotomayor for Defendants and Appellants.

Turner, Gerstenfeld, Wilk & Tigerman, Lawrence E. Heller and Mark L. Edwards for Plaintiff and Respondent.

OPINION

**ASHBY, Acting P. J.**—Respondent Craig R. Knapp, a retired police officer of the City of Gardena Police Department, requested a retired peace officer's identification certificate with endorsement for carrying a concealed weapon (CCW endorsement), pursuant to Penal Code section 12027, subdivision (a), which permits certain retired peace officers to carry a concealed

weapon.[1] Appellant Richard K. Propster, as chief of police of appellant City of Gardena, denied respondent's request for the CCW endorsement, finding good cause for the denial in the exercise of his discretion. (§ 12027, subd. (a)(2).)

The issue on this appeal is not whether good cause exists for denying respondent the CCW endorsement; the only issue is the procedure by which good cause should be determined. The trial court held that appellants must comply with the notice and three-member hearing board procedure of section 12027.1. The court granted a peremptory writ of mandate (Code Civ. Proc., § 1085) commanding that appellants either issue respondent a retired peace officer's identification card with CCW endorsement, or give respondent notice of a hearing to be conducted in accordance with section 12027.1.

Appellants appeal, contending they need not comply with the statute and need only afford respondent an opportunity to be heard which would satisfy the minimum requirements of due process under the California Constitution. (Citing *San Jose Police Officers Assn.* v. *City of San Jose* (1988) 199 Cal.App.3d 1471 [245 Cal.Rptr. 728].)

■ Finding no merit to this contention, we affirm. Section 12027.1 was enacted after the *San Jose* decision to provide a statutory solution to a problem which the *San Jose* court addressed without previous legislative guidance. Respondent is entitled to the procedure the Legislature has provided by statute.

## FACTS

Respondent was employed by appellants as a police officer from May 1974 to August 1, 1986, when he was honorably retired for service connected disability, based on psychological stress. In March 1987, respondent requested a retired peace officer identification certificate with CCW endorsement.

Appellants delayed action on this request while respondent pursued other litigation including a workers' compensation claim for psychological stress.

On April 7, 1989, appellant chief of police denied the request for a CCW endorsement by letter to respondent stating, "Based upon the reports submitted in connection with your retirement based upon disability due to psychological stress and your claim of psychological injury arising from

---

[1] All section references hereafter are to the Penal Code unless otherwise indicated.

your service, I find good cause to deny a CCW endorsement. [¶] If you wish to be heard concerning this decision for the purpose of presenting your views and providing any evidence you think appropriate, I will be happy to meet with you at the Gardena Police Department during weekday working hours at any time that is mutually convenient within the next 30 days."

## DISCUSSION

At all pertinent times section 12027, subdivision (a) provided that certain honorably retired peace officers are exempt from the prohibition against carrying concealed weapons in section 12025, and shall be issued an identification certificate by the agency from which they are honorably retired.

At all times, however, the statute also provided that "[t]he agency from which a peace officer is honorably retired may, upon initial retirement of that peace officer, or at any time subsequent thereto, deny or revoke, for good cause the retired officer's privilege" to carry a concealed weapon. (§ 12027, subd. (a)(2).)

In April 1988, the Court of Appeal in *San Jose Police Officers Assn.* v. *City of San Jose, supra*, 199 Cal.App.3d 1471 (*San Jose*), determined the procedural protections to which a retired peace officer was entitled upon initial denial of such privilege by a chief of police for "good cause." Based on the due process clause of the California constitution, the court concluded that due process did not require a full adversarial evidentiary hearing before a neutral third party, and that the opportunity to be heard orally which was afforded to the officer in the particular circumstances of the *San Jose* case was sufficient. (*Id.* at pp. 1478-1486.)

After the *San Jose* decision, the Legislature amended section 12027, subdivision (a) and enacted a new section 12027.1 (Stats. 1988, ch. 1212, §§ 1.5, 2), which provides: "(a) As specified in subdivision (a) of Section 12027, any peace officer employed by a local agency and listed in Section 830.1 of the Penal Code, retired after January 1, 1981, shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed firearm. *The endorsement may be removed by the issuing agency upon a hearing conducted in accordance with subdivision (b) to show good cause. A retired peace officer shall have 15 days to respond to a notice of that hearing, or failing to respond to the notice, forfeits his or her rights to that hearing.* A retired peace officer may have his or her privilege to carry a concealed firearm revoked by violating any departmental rules, state, or federal laws that if violated by an officer on active duty would result in that officer's arrest, suspension, or removal from the agency. A retired officer when notified of the revocation of his or her privilege to

carry a concealed firearm shall immediately surrender his or her identification certificate and endorsement to the issuing agency. The issuing agency shall reissue a new identification without such endorsement. No peace officer listed in this section retired after January 1, 1989, shall be issued an endorsement to carry a concealed firearm if that peace officer is retired because of a psychological disability. [¶] *(b) Any hearing conducted under this section shall be held before a three-member hearing board. One member of the board shall be selected by the local agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the local agency and the retired peace officer or his or her employee organization. [¶] Any decision by the board shall be binding on the local agency and the retired peace officer."* (Italics added.)

This legislation provides for a noticed hearing by a three-member hearing board, whose decision shall be binding. The Legislature is presumed to have been aware of the *San Jose* decision. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) The Legislature's action indicates its intent to change the law and to provide greater procedural protection to retired peace officers. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659-660 [147 Cal.Rptr. 359, 580 P.2d 1155].)

■ Appellants attempt to distinguish between an initial denial of a CCW endorsement and a revocation of a previously issued CCW endorsement. They argue that section 12027.1 is limited to proceedings to revoke a previously issued CCW endorsement. They contend it has no application to a denial upon initial retirement, which they assert is still governed by the due process standards of the *San Jose* case. This strained argument is illogical and contrary to the legislative intent.

Section 12027, subdivision (a)(2) provides that the agency may, *upon initial retirement or* at any time subsequent thereto, *deny or* revoke, *for good cause,* the privilege to carry a concealed firearm. The standard, "good cause," is the same whether the decision is an initial denial or a revocation. The second sentence of section 12027.1, subdivision (a) expressly states that the hearing to be conducted in accordance with subdivision (b) is "to show good cause." The legislative intent was to provide a procedure by which good cause is determined. Appellants suggest no logical reason why that issue should be determined differently upon initial denial than upon revocation.

The language of section 12027.1, subdivision (a) does not support appellants' interpretation that the hearing procedure is limited to revocations.

The second sentence refers to the endorsement being "removed" from the identification certificate. Since the first sentence indicates that ordinarily the identification certificate will carry the endorsement, the "removal" of the endorsement is not necessarily synonymous with "revocation" of the privilege, a term used elsewhere in subdivision (a). The endorsement may be removed "upon a hearing conducted in accordance with subdivision (b)."

Appellants attempt to extend the statute to a logical absurdity in order to knock down a straw man. They argue that if this section is not limited to revocations, the agency must issue the endorsement even to a dangerous or psychologically unfit officer, then initiate proceedings to revoke the endorsement. We do not agree with this interpretation. The agency may, for good cause, deny the CCW endorsement upon initial retirement, but in order to do so it must comply with the hearing procedure required by the statute.

Thus, the writ of mandate, compelling appellants to issue the identification certificate with a CCW endorsement or give respondent notice of a hearing to be conducted in accordance with section 12027.1, is proper.[2]

The judgment is affirmed.

Boren, J., and Turner, J., concurred.

---

[2] Appellants raise a collateral point which involves the timing of the statute. The last sentence of section 12027.1, subdivision (a) states, "No peace officer listed in this section retired after January 1, 1989, shall be issued an endorsement to carry a concealed firearm if that peace officer is retired because of a psychological disability." This does not apply to respondent, who retired for psychological disability before January 1, 1989. Appellants contend it is "bizarre" for respondent to demand a hearing under the same statute which automatically denies a CCW endorsement to an officer retired for psychological disability. This provision, however, was expressly made prospective by the Legislature, who may have intended that an officer who applies for retirement based on psychological disability should be forewarned that he will forfeit the privilege granted by section 12027, subdivision (a). We repeat that the issue on this appeal is not whether respondent should have a CCW endorsement but only the procedure by which good cause for its denial is determined.