TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-1202 |
| of | : | |
| | : | May 11, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE M. J. HANNIGAN, COMMISSIONER, DEPARTMENT OF CALIFORNIA HIGHWAY PATROL, has requested an opinion on the following questions:

1.     Is a peace officer who has retired after January 1, 1989, because of a psychological disability entitled to a hearing with respect to his employing agency's denial of his right to carry a concealed and loaded firearm?

2.     Is a retired peace officer who has received a hearing denying or revoking his authorization to carry a concealed and loaded firearm entitled thereafter to another hearing?

CONCLUSIONS

1.     A peace officer who has retired after January 1, 1989, because of a psychological disability is not entitled to a hearing with respect to his employing agency's denial of his right to carry a concealed and loaded firearm.

2.     A retired peace officer who has received a hearing denying or revoking his authorization to carry a concealed and loaded firearm is not entitled thereafter to another hearing.

ANALYSIS

Sections 12020-12040 of the Penal Code[1] set forth various provisions concerning the unlawful carrying and possession of weapons. Section 12025 describes the circumstances when "[a] person is guilty of carrying a concealed firearm." Section 12027 enumerates several exceptions to the prohibition of section 12025, including an exception for "honorably retired peace officers" who meet certain statutory criteria. Section 12027.1 establishes the procedures relative to the certification of retired peace officers to carry concealed and loaded firearms, including procedures to deny or revoke such privilege.

The questions presented for resolution concern whether a peace officer[2] who has retired due to a psychological disability is entitled to a hearing with respect to his employing agency's denial of his right to carry a concealed and loaded firearm and whether a peace officer who has received a hearing denying or revoking such authorization is entitled thereafter to another hearing.

Section 12027 generally grants honorably retired peace officers who were authorized to carry weapons while on active duty to also do so after they retire. (§ 12027, subd. (a)(1)(A).) It also provides that such peace officers shall be issued identification certificates, and depending upon the date of retirement, which retired officers must have a special endorsement to authenticate this privilege. Under the terms of the statute, certain officers must renew the privilege periodically (every five years), and an endorsement must identify an officer whose privilege has been denied or revoked. For our purposes it is important to note that section 12027 permits an officer's employing agency to deny or revoke a concealed weapons authorization initially upon the officer's retirement or at any subsequent time. Thus subdivision (a) (2) of section 12027 provides in part:

"The agency from which a peace officer is honorably retired may, upon initial retirement of that peace officer, or at any time subsequent thereto, deny or revoke, for good cause the retired officer's privilege to carry a concealed firearm."

In 1988 the Legislature enacted section 12027.1 (Stats. 1988, ch. 1212, § 2) to provide for certain procedural safeguards in the granting or denial of a concealed weapons authorization.[3] Section 12027.1 provides:

"(a)(1)(A)(i) Any peace officer employed by an agency and listed in Section 830.1 or 830.2 or subdivision (c) of Section 830.5 who retired after January 1, 1981,

---

[1]All section references are to the Penal Code unless otherwise indicated.

[2]Although the request for our opinion arose in the context of a California Highway Patrol officer, the questions posed and the answers thereto are of general applicability.

[3]Prior to the enactment of section 12027.1, no statutory procedures were provided with respect to the denial or revocation of a concealed weapons authorization for a retired peace officer. (See *San Jose Police Officers Assn.* v. *City of San Jose* (1988) 199 Cal.App.3d 1471.)

shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed and loaded firearm.

"(ii)  Any peace officer listed in Section 830.1 or 830.2 or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, is authorized to carry a concealed and loaded firearm if the agency issued the officer an identification certificate and the certificate has not been stamped as specified in paragraph (2) of subdivision (a) of Section 12027.

"(iii)  Peace officers not listed in clause (i) or (ii) who were authorized to, and did, carry firearms during the course and scope of their employment as peace officers, shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed and loaded firearm.

"(B)  An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement on the certificate may be revoked or denied by the issuing  agency only upon a showing of good cause.  Good cause shall be determined at a hearing, as specified in subdivision (d).

"(2)    A retired peace officer may have his or her privilege to carry a concealed and loaded firearm revoked or denied by violating any departmental rule, or state or federal law that, if violated by an officer on active duty, would result in that officer's arrest, suspension, or removal from the agency.

"(b)(1)  An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement may be revoked or denied by the issuing agency only upon a showing of good cause.  Good cause shall be determined at a hearing, as specified in subdivision (d).

"(2)  An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement may be revoked only after a hearing, as specified in subdivision (d).   Any retired peace officer whose identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement is to be revoked shall have 15 days to respond to the notice of the hearing.  Notice of the hearing shall be served either personally on the retiree or sent by first-class mail, postage prepaid, return receipt requested to the retiree's last known place of residence. Upon the date the agency receives the signed registered receipt or upon the date the notice is served personally on the retiree, the retiree shall have 15 days to respond to the notification.  A retired peace officer who fails to respond to the notice of the hearing shall forfeit his or her right to respond.

"(3)  An identification certificate authorizing the officer to carry a concealed and loaded firearm or an endorsement may be denied prior to a hearing.  If a hearing is not conducted prior to the denial of an endorsement, a retired peace officer, within 15 days of the denial, shall have the right to request a hearing.  A retired peace officer

who fails to request a hearing pursuant to this paragraph shall forfeit his or her right to the hearing.

"(c) A retired peace officer, when notified of the revocation of his or her privilege to carry a concealed and loaded firearm, after the hearing, or upon forfeiting his or her right to a hearing, shall immediately surrender to the issuing agency his or her identification certificate. The issuing agency shall reissue a new identification certificate without an endorsement. However, if the peace officer retired prior to January 1, 1981, and was at the time of his or her retirement a peace officer listed in Section 830.1 or 830.2 or subdivision (c) of Section 830.5, the issuing agency shall stamp on the identification certificate `No CCW privilege.'

"(d) Any hearing conducted under this section shall be held before a three-member hearing board. One member of the board shall be selected by the agency and one member shall be selected by the retired peace officer or his or her employee organization. The third member shall be selected jointly by the agency and the retired peace officer or his or her employee organization.

"Any decision by the board shall be binding on the agency and the retired peace officer.

"(e) No peace officer who is retired after January 1, 1989, because of a psychological disability shall be issued an endorsement to carry a concealed and loaded firearm pursuant to this section."

1. DENIAL OF A HEARING

The first question presented is whether the hearing procedures of section 12027.1 are applicable to a peace officer who has retired after January 1, 1989, because of a psychological disability.[4] We conclude that the officer is not entitled to a hearing.

Several rules of statutory construction are relevant to our analysis of section 12027.1. "When interpreting a statute our primary task is to determine the Legislature's intent . . . . In doing so we turn first to the statutory language, since the words the Legislature chose are the best indication of its intent . . . ." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "`[W]hen statutory language is . . . clear and unambiguous there is no need for constructions . . . .'" (*Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73.) A "`court has no power to rewrite the statute so as to make it conform to a *presumed* intention which is not expressed' . . . [also,] [t]he sweep of a statute should not be enlarged by insertion of language which the Legislature has overtly left out . . . ." (*People* v. *Brannon* (1973) 32 Cal.App.3d 971, 977; see also *Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.) "When the Legislature `has employed a term or phrase in one place and

---

[4]No issue has been raised as to what constitutes a "psychological disability." We are apprised that such a retirement was received by the officer in question from the Public Employees Retirement System.

excluded it in another, it should not be implied where excluded.' . . ."  (*Pasadena Police Officers Assn.* v. *City of Pasadena* (1990) 51 Cal.3d 564, 576.)

Applying these rules of statutory construction to section 12027.1, we find that the plain language of subdivision (e) does not provide for a hearing in the described circumstances. Furthermore, the subdivision provides clearly and unambiguously that "[n]o [such] peace officer. . . shall be issued an endorsement to carry a concealed and loaded firearm."  This statutory prohibition contains no exceptions.

Subdivision (e) of section 12027.1 in no way purports to incorporate into its requirements the hearing provisions of subdivision (d) of section 12027.1.  This is to be contrasted with other subdivisions of section 12027.1 which provide that a concealed weapons authorization *may* be revoked or denied for good cause "determined at a hearing, as specified in subdivision (d)."  (§ 12027.1, subds. (a)(1)(B), (b)(1).)

Since the language of subdivision (e) of section 12027.1 is mandatory that no concealed weapons endorsement shall be issued if the peace officer retires because of a psychological disability, it would be an idle act to grant a hearing.  It is a basic maxim of jurisprudence, codified in section 3532 of the Civil Code, that "[t]he law neither does nor requires idle acts."  (See, e.g., *Van Gammerers* v. *Fresno* (1942) 51 Cal.App.2d 235, 239-240 [application for and exhaustion of appeals process for permit unnecessary where ordinance itself prohibited issuance of permit].)

For the foregoing reasons, we conclude that the hearing provisions of section 12027.1 are not applicable to a peace officer who has retired after January 1, 1989, because of a psychological disability.[5]

## 2.  DENIAL OF A SECOND HEARING

The second question presented is whether a retired peace officer who has received a hearing denying or revoking authorization to carry a concealed and loaded firearm is entitled thereafter to another hearing.  We conclude that he is not.

As noted at the outset, section 12027 provides in part:

". . . The agency from which a peace officer is honorably retired may, upon initial retirement of that peace officer, *or at any time subsequent thereto*, deny or

---

[5]We note that denial of a hearing with respect to a concealed weapons authorization would not raise a due process claim under the United States Constitution.  (See *San Jose Police Officers Assn.* v. *City of San Jose, supra,* 199 Cal.App.3d at 1478-1480.)  Moreover, since there is no statutory right to a concealed weapons permit when a peace officer retires because of a psychological disability, the balancing of public and private interests required under the due process clauses of the California Constitution (Cal. Const., Art. I, §§ 7, 15) would not be required.  (Compare *People* v. *Ramirez* (1979) 25 Cal.3d 260, 263-264.)  Finally, as to peace officers who contemplate retiring for psychological reasons after January 1, 1989, the court suggested in *Knapp* v. *City of Gardena* (1990) 221 Cal.App.3d 344, that such officers be forewarned of the automatic denial of a concealed weapons endorsement.  (*Id*., at p. 349, fn. 2.)

revoke, *for good cause* the retired peace officers privilege to carry a concealed firearm .
. . ."   (Emphasis added.)

Thus, despite the fact that section 12027.1 states in subdivision (e) that "[a]ny decision by the board shall be binding on the agency and the retired peace officer," it is evident that such "finality" applies only to *that* adjudication of possible "good cause."   Section 12027 allows the agency to revoke the authorization and to have another hearing if there are changed *adverse* circumstances.

Significantly, nothing in section 12027 or section 12027.1 grants a reciprocal right to a hearing for a peace officer at a later date.   Following the principles of statutory construction set forth in answer to the first question, we must construe sections 12027 and 12027.1 according to the words used by the Legislature.   We may not insert additional provisions not found therein based upon some type of *presumed* intent.   The specific inclusion of an employing agency's right to subsequent action with respect to a concealed weapons authorization, and the omission of such a right for retired officers, indicates an intent not to grant such a right to the officers.  (See *Freedom Newspapers, Inc.* v. *Orange County Retirement System, supra,* 6 Cal.4th at 826; *Rojo* v. *Kliger, supra,* 52 Cal.3d at 73; *Pasadena Police Officers Assn.* v. *City of Pasadena, supra,* 51 Cal.3d at 576; *People* v. *Brannon, supra*, 32, Cal.App.3d at 977.)[6]

For the foregoing reasons, we conclude that a retired peace officer who has received a hearing denying or revoking his authorization to carry a concealed and loaded firearm is not entitled thereafter to another hearing.

\* \* \* \* \*

---

[6]Of course, any person may apply to a county sheriff or city police chief for a license to carry a concealed and loaded firearm.  (§§ 12050-12054.)