Marcella KUHN, Personal Representative of the Estate of Leo Kuhn, Plaintiff and Appellee,

v.

Judith M. KUHN, and Leona Kuhn Hoff, Defendants and Appellants,

and

Adam Ralph Kuhn, John Kuhn, and D. W. Knudson, Special Administrator of the Estate of Rosa Kuhn, Defendants.

Civ. No. 9567–A.

Supreme Court of North Dakota.

Jan. 14, 1981.

---

Fleck, Mather, Strutz & Mayer, Bismarck, for plaintiff and appellee; argued by Thomas A. Mayer, Bismarck.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendants and appellants; argued by Ward M. Kirby, Dickinson.

PER CURIAM.

This is an appeal by the defendants, Judith M. Kuhn and Leona Kuhn Hoff (hereinafter Judith and Leona respectively), from a summary judgment of the District Court of Dunn County, entered April 8,

1980, awarding the plaintiff, Marcella Kuhn, Personal Representative of the estate of Leo Kuhn (hereinafter Leo), specific performance of a written contract executed on July 5, 1952. No appeal has been taken by the other named defendants: Adam Ralph Kuhn, John Kuhn, and D. W. Knudson, Special Administrator of the estate of Rosa Kuhn. We affirm.

Many of the facts relevant to this appeal are set forth in the case of *Kuhn v. Kuhn*, 281 N.W.2d 230 (N.D.1979), which involved an action by John Kuhn for specific performance of the same contract which Leo seeks to enforce in this lawsuit. The written contract involved in both of these actions is a family agreement providing the manner by which the property of Rosa Kuhn and Wendelin Kuhn was to be distributed subsequent to their deaths. John, in his action for specific performance of the contract, named Judith, Leona, Adam Ralph Kuhn, and Leo Kuhn as party defendants. Leo did not file an answer or other formal pleading in John's action, but he did testify at the trial on behalf of John's claim. The district court dismissed John's complaint, and John filed an appeal with this Court. On appeal, this Court held that the 1952 family agreement was a valid contract specifically enforceable by John as a third-party beneficiary. Accordingly, the judgment of the district court was partially reversed, and the case was remanded for the distribution of property to John in accordance with the 1952 contract.

Subsequent to this Court's decision in *Kuhn, supra,* Leo filed this lawsuit, on September 10, 1979, seeking, as a third-party beneficiary, specific performance of the 1952 contract. The district court granted Leo's request for a summary judgment, awarding him specific performance of the 1952 contract which entitled him to a distribution of property thereunder.

On appeal, Judith and Leona have raised the following two issues:

(1) Whether, under the doctrine of res judicata, the judgment in John's action precludes Leo's enforcement of the 1952 contract in this action; and

(2) Whether Leo's failure to assert his claim for specific performance of the 1952 contract as a compulsory counterclaim in John's action precludes him from asserting his claim in this action.

### Res Judicata

■ We agree with Judith and Leona that Leo, as a party defendant to John's action, is bound by the judgment entered in that action. However, only those issues which were actually litigated and decided in that action are considered res judicata with regard to subsequent actions. *In the Matter of Estate of Nelson*, 281 N.W.2d 245 (N.D.1979); *Dolajak v. State Automobile & Casualty Underwriters*, 252 N.W.2d 180 (N.D.1977).

In *Kuhn, supra,* this Court held that the 1952 agreement was a valid contract specifically enforceable by John as a third-party beneficiary. With regard to the other third-party beneficiaries under that contract, this Court stated:

"Although John is entitled to specific performance of the family agreement, the remainder of Rosa's estate will be distributed pursuant to Rosa's probated will because no other beneficiary of the family agreement has brought a similar breach of contract action against the estate." 281 N.W.2d at 236.

Judith and Leona assert that, pursuant to the foregoing language of this Court, Leo is precluded from seeking enforcement of the 1952 contract in this action and must accept a distribution of property pursuant to Rosa's probated will. We disagree. In *Kuhn, supra,* this Court granted specific performance of the 1952 contract only to John because in that action John was the only party plaintiff seeking enforcement of the contract. However, this Court did not foreclose any other third-party beneficiary from commencing a subsequent action to enforce his or her rights under the 1952 contract. Only John's right to specific performance of the contract was litigated in his action. The right to specific performance by the other third-party beneficiaries

under that contract was neither asserted nor litigated in John's action. Consequently, the other third-party beneficiaries are not precluded, by the doctrine of res judicata, from asserting their rights under the contract in a subsequent action.

Leo, in his action, has not attempted to relitigate or to obtain a redetermination of the issues settled in John's action. Leo has attempted to do nothing more than assert his rights as a third-party beneficiary under the 1952 contract in accordance with this Court's decision in John's action that such contract was a valid enforceable contract. We conclude that the doctrine of res judicata does not preclude Leo from bringing this lawsuit to assert his rights as a third-party beneficiary under the 1952 contract.

 Another aspect of this issue is the question of whether Leo, because he did not appeal from the judgment in John's action, is bound by the lower court's decision that the 1952 contract was not valid. We recognize the general rule that a nonappealing party is bound by the decision of the lower court. However, there is an exception to that rule, which we conclude is applicable to the instant case, that when the rights of all the parties are interwoven or when the erroneous legal decision of the lower court forms the basis for all of the parties' rights the nonappealing party is entitled to the benefit of the appellate court determination. See, *Moitie v. Federated Dept. Stores, Inc.*, 611 F.2d 1267 (9th Cir. 1980); *Guynn v. Corpus Christi Bank & Trust*, 580 S.W.2d 902 (Tex.Civ.App.1979); *Kure v. Chevrolet Motor Division*, 581 P.2d 603 (Wyo.1978); *Patillo v. Norris*, 135 Cal.Rptr. 210, 65 Cal. App.3d 209 (1976); *In Re Estate of McDill*, 122 Cal.Rptr. 754, 537 P.2d 874, 14 Cal.3d 831 (1975).

The *McDill, supra,* case has factual similarities with the instant case. In *McDill, supra,* a petition for determination of heirship was filed, and the lower court determined that the decedent's estate should be distributed one-half to the decedent's two nieces and one-half to the cousins of the decedent's predeceased spouse. One of the nieces appealed, and on appeal the Califor-

nia Supreme Court determined that the entire estate should be distributed to the two nieces. The court then dealt with the question of whether the niece who failed to appeal the lower court's decision should be bound by that decision and her share of the estate limited to that awarded by the lower court.

The California Supreme Court stated that as a general rule where only one of several parties appeals from a judgment the appeal includes only that portion of the judgment adverse to the appealing party and the judgment of the lower court is considered final as to the nonappealing parties. However, the court cited an important exception that where the part of a judgment appealed from is so interwoven that the appeal involves the consideration of the whole, a reversal of the lower court's decision should extend to the entire judgment. The court concluded that the issue of whether or not the cousins had a right to share in the estate was interwoven with, and in fact identical to, the issue involving the nonappealing niece's right to share in the estate. Thus, the court held that both nieces, including the nonappealing niece, were entitled to their rightful share of the estate and that the cousins should not receive any part of the estate.

 With regard to the instant case, the trial court in John's action erroneously concluded that the 1952 family agreement was invalid. On appeal, this Court determined that such agreement was indeed a valid contract. The trial court's erroneous conclusion formed the basis for its entire distribution of the property, and the rights of all parties involved were interwoven with and dependent upon the determination of the validity of the 1952 agreement. Consequently, we conclude that the appellate court's decision in John's action is applicable to all of the parties involved in that action, including the nonappealing parties. Although a party is generally bound by a lower court decision which he does not appeal, in a case such as this, where a distribution of property among parties is made by the lower court upon an erroneous con-

**152**

clusion of law, justice requires that the reversal of such conclusion apply to all of the parties involved.

### Compulsory Counterclaim

■ Judith and Leona also assert that Leo is precluded from bringing his claim for specific performance in this action because he failed to assert such claim as a compulsory counterclaim in John's action. In John's action, Leo was named as a co-party defendant with Judith, Leona, and Adam Ralph Kuhn. Consequently, we agree with the district court's determination that if Leo had chose to assert his claim in John's action, it would not have been a counterclaim but rather a cross-claim against his co-party defendants.[1]

Although Rule 13(g), of the North Dakota Rules of Civil Procedure, provides that a party "may" state a cross-claim against a co-party, it does not require him to do so. A party is free to assert in a separate and independent action any claim that he may have against a co-party. Consequently, Leo was free to choose, as he did, to assert his claim against Judith and Leona in a separate action rather than to assert such claim as a cross-claim in John's action.

In accordance with the views expressed in this opinion, the summary judgment of the district court awarding Leo specific performance of the 1952 contract is hereby affirmed.

DOUGLAS B. HEEN, Acting C. J., and NORMAN J. BACKES, WALLACE D. BERNING, ROBERT L. ECKERT and A. C. BAKKEN, JJ., concur.

ERICKSTAD, C. J., and PAULSON, PEDERSON, SAND, VANDE WALLE, JJ., deeming themselves disqualified did not participate.

---

1. Leo has also joined John Kuhn as a party defendant in this lawsuit. In view of John's failure to appeal, we find it unnecessary to determine whether or not Leo should have asserted his claim against John as a compulsory counterclaim in John's action.