**FARM CREDIT SERVICES OF MANDAN, FLCA, Plaintiff and Appellee,**

v.

Leslie J. CROW; Donna R. Crow; William F. Copple; Betty Copple; the unknown heirs, devisees, legatees and creditors of John T. Jorgensen, also known as John Jorgenson and as John Jorgensen; and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the real estate described in the Complaint, Defendants,

Beulah JORGENSON, also known as Beulah Jorgensen, and as Beulah J. Jorgensen, Individually and as sole heir to the Estate of John T. Jorgensen, Defendant, Cross–Claimant and Appellant,

v.

**Leslie J. CROW and Donna R. Crow, Cross–Defendants and Appellees.**

**Civ. No. 920349.**

Supreme Court of North Dakota.

June 16, 1993.

John L. Sherman (argued), of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for plaintiff and appellee.

James J. Coles (argued), of Snyder Coles Lawyers, Bismarck, for defendant, cross-claimant and appellant Beulah Jorgensen. Appearance by appellant Beulah Jorgensen.

Albert J. Hardy (no appearance), of Howe, Hardy, Galloway & Maus, PC, Dickinson, for cross-defendants and appellees Leslie J. Crow and Donna R. Crow. Submitted on brief.

NEUMANN, Justice.

Beulah Jorgensen appeals from a summary judgment granting foreclosure of a real estate mortgage held by Farm Credit Services of Mandan (Farm Credit), the successor in interest of the Federal Land Bank of Dickinson (FLB). We affirm.

In 1985, Beulah and her late husband, John, agreed to sell 1,040 acres of ranchland to Beulah's nephew, Leslie Crow, and his wife, Donna Crow. According to the Crows' loan application with FLB, they agreed to purchase the land from the Jorgensens for $150,000, with an $85,000 cash payment financed by FLB and a contract for deed from the Jorgensens for the $65,000 balance. The Crows' loan application indicated that they intended to rent the land to Beulah. FLB loaned the Crows $93,000 for the cash payment and for the purchase of FLB stock, and the Crows executed a promissory note with FLB for that amount. Although only the Crows signed the promissory note, both the Jorgensens and the Crows executed a mortgage on the land as security for the Crows' loan. The Jorgensens and the Crows also executed a contract for deed, requiring the Crows to make yearly payments of $10,128.31, until the $65,000 balance, with interest, had been paid.

At the 1985 closing, the Crows mistakenly obtained possession of a warranty deed signed by the Jorgensens, and they recorded the deed in February 1986. Meanwhile, in 1985, Beulah pastured her cattle on the land and gave the Crows a receipt of $10,128.31 for the 1985 contract for deed payment. In 1986 and 1987, Beulah again pastured her cattle on the land, but she did not give the Crows receipts for the yearly installments under the contract for deed.

In 1988, Beulah again put her cattle on the land; however, the Crows attempted to remove the cattle, claiming that they were the record owners of the land and that Beulah had no right to use the land. Beulah then sued the Crows, seeking to set aside the recorded warranty deed. In that case, the trial court found that the Jorgensens had "delivered" the warranty deed to the Crows and that the total purchase price for the land was the $85,000 cash payment plus three years' use of the land by Beulah to pasture her cattle. The court concluded that Beulah had received full payment for the land and quieted title in the Crows.

In *Jorgensen v. Crow*, 466 N.W.2d 120 (N.D.1991), we reversed and held that the trial court clearly erred in finding that the Jorgensens had "delivered" the warranty deed to the Crows. We also held that the trial court erred in admitting parol evidence to vary the purchase price on the contract for deed and in concluding that the total consideration due under the contract for deed had been paid. We remanded for determination of the balance due on the contract for deed and for entry of a judgment consistent with that determination and our decision that the warranty deed had not been "delivered."

Beulah then sued the Crows to cancel the contract for deed, alleging that they had defaulted on their obligation. In that case, a final judgment was entered cancelling the contract for deed between Beulah and the Crows, and the Crows' redemption period has expired.

The Crows also defaulted on the promissory note, and Farm Credit thereafter brought this action against the Jorgensens and the Crows to foreclose its mortgage on the land. The Crows defaulted, but Beulah answered, alleging that she had not signed the promissory note and that she was not obligated for the Crows' debt. Farm Credit moved for summary judgment. Beulah then moved to amend her answer to include cross-claims against the Crows, alleging that, as a surety, she was entitled to recover any losses incurred by her in satisfying the Crows' debt and that the Crows had wrongfully removed a fence and buildings from the land.

The district court granted Farm Credit's motion for summary judgment, concluding that Farm Credit was not seeking a money judgment against Beulah and that she had not raised any genuine issues of material fact to support her claim that she was a surety. The court also denied Beulah's motion to amend her answer to include the cross-claims against the Crows. After the court denied Beulah's motion for reconsideration, she appealed.

■ Our review is under the well-established standards applicable to summary judgment. Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial

if there is no genuine issue of material fact. *Littlefield v. Union State Bank,* 500 N.W.2d 881 (N.D.1993).

Beulah argues that the district court erred in concluding, as a matter of law, that she was not a surety. She asserts that, when she signed the real estate mortgage and hypothecated her vendor's interest in the land without signing the promissory note, she qualified as a surety under NDCC § 22–03–01. She thus contends that genuine issues of material fact exist regarding the nature of the suretyship and her rights under NDCC ch. 22–03, including the right of exoneration and the right to proceed directly against her principals for reimbursement of her expenditures in satisfaction of their obligation.

NDCC § 22–03–01 provides:

> *"Surety defined.* A surety is one who, at the request of another and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person *or hypothecates property as security therefor."* [Emphasis added].

Assuming that Beulah was a surety for purposes of this transaction,[1] we believe that her position as a surety ended when she elected to cancel her contract for deed with the Crows. When Beulah cancelled the Crows' interest in the land, she stepped into their shoes as mortgagor. *See First Interstate Bank of Fargo v. Larson,* 475 N.W.2d 538 (N.D.1991). Beulah admits that, as a result of her action to cancel the contract for deed, the Crows' interest in the land has been cancelled and "the legal title and the equitable title to the property has now merged" in her. The legal effect of Beulah's election to cancel the contract for deed was to put her in the position of a sole mortgagor, not a surety. Because Beulah is not a surety now and because she has not disputed any other issues of fact relating to the foreclosure, summary judgment granting foreclosure of the mortgage was appropriate.

In view of that analysis, we conclude that the district court did not err in denying Beulah's motion to amend her answer to include a cross-claim against the Crows for damages allegedly incurred by her in her capacity as a surety. We also conclude that the district court did not err in denying Beulah's motion to amend her answer to include a cross-claim against the Crows for wrongful removal of a fence and buildings from the land, because cross-claims against a co-party are permissive under Rule 13(g), NDRCivP. *Kuhn v. Kuhn,* 301 N.W.2d 148 (N.D.1981); *see Peterson v. Watt,* 666 F.2d 361 (9th Cir.1982); 6 Wright & Miller, *Federal Practice and Procedure* § 1431 (1990); 3 Moore's Federal Practice ¶ 13.34 (1993).[2] To the extent those claims survive foreclosure, Beulah is free to pursue them in a separate action against the Crows.

The district court judgment is affirmed.

VANDE WALLE, C.J., and SANDSTROM, MESCHKE and LEVINE, JJ., concur.

---

1. Compare *People's State Bank of Lakota v. Francis,* 8 N.D. 369, 79 N.W. 853 (1899), with *Roberts v. Roberts,* 10 N.D. 531, 88 N.W. 289 (1901). *See also Metropolitan Federal Savings and Loan Association v. Adams,* 356 N.W.2d 415 (Minn.Ct.App.1984) [decided under North Dakota law].

2. Rule 13(g), NDRCivP, is substantially identical to Rule 13(g), FRCivP, and in construing our rules, we may follow persuasive federal court interpretations of the corresponding federal rules. *E.g. Unemployment Compensation Division v. Bjornsrud,* 261 N.W.2d 396 (N.D.1977).